# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **CARY PARADIS,** | : | **HABEAS CORPUS** |
| **Petitioner,** | : | **28 U.S.C. § 2241** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN JEFFREY KELLER,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:10-CV-2354-TWT-AJB** |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and

AO 72A
(Rev.8/8
2)

Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED**, this 13th day of June, 2011.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **CARY PARADIS,** | : | **HABEAS CORPUS** |
| **Petitioner,** | : | **28 U.S.C. § 2241** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN JEFFREY KELLER,** | : | **CIVIL ACTION NO.** |
| **Respondent.** | : | **1:10-CV-2354-TWT-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, Cary Paradis, currently detained at the U. S. Penitentiary in Atlanta, Georgia, pursuant to 28 U.S.C. § 2241, challenges the Federal Bureau of Prisons' ("BOP's") calculation of his credit for time served on his federal sentence imposed by the United States District Court for the Eastern District of Tennessee (hereinafter "Eastern District of Tennessee"). *United States v. Paradis*, 1:05-cr-0034-1 (E.D. Tenn. Jan. 23, 2007) (hereinafter "*Paradis*"). The Clerk of Court is **DIRECTED** to substitute Warden Jeffrey Keller as the Respondent in this action. *See* Rules Governing Section 2254 Cases in the United States District Court, Rules 2(a) and 11; Fed. R. Civ. P. 25(d); [Doc. 3 at 1 n.1.] The matter is before the Court for consideration of the petition, [Doc. 1], and Respondent's answer response, [Doc. 3]. For the reasons stated below, this petition should be denied and the action dismissed.

I.    **Discussion**

    A.    **Background**

On February 21, 2005, Petitioner was arrested, apparently by state officials, in Hamilton County Tennessee on drug charges.  [*See* Doc. 3, Farr Decl. ¶ 10, Attach. 2.] Thereafter, Petitioner was indicted and pleaded guilty (based on offense activity occurring as early as October 30, 2003) to federal drug charges in criminal action 1:05-cr-0034-1 in the Eastern District of Tennessee, and, on December 21, 2006, that court sentenced Petitioner to a 188-month prison term.  [*See id.*, Attachs. 5, 7.]  Petitioner also pleaded guilty to state drug charges, and on June 11, 2007, the Criminal Court of Hamilton County, Tennessee, sentenced him to an eight-year prison term, to be served concurrently with his federal term in 1:05-cr-0034-1, with pretrial jail-time credit from February 21, 2005 through June 11, 2007 to go toward his state sentence.  [*See* Doc. 3, Farr Decl., Attach. 6.]  Petitioner served his state sentence, and officials released him from state custody on November 14, 2007.  [*Id.*, Attach. 4.]  Petitioner's federal sentence commenced on November 14, 2007, with twenty-four days of prior credit for certain periods of time he had been in custody between his earliest offense date of October 30, 2003 and his February 21, 2005 arrest, time that had not been credited against his state sentence.  [*Id.*, Attach. 7 at 2.]  The BOP calculated Petitioner's full-

2

term release date as June 19, 2023.  [*See* Doc. 1, Administrative Remedy Informal Resolution Form, Attach.]

Petitioner requested that the BOP recompute his sentence; give him jail-time credit from February 21, 2005 through December 20, 2006, and consider a *nunc pro tunc* designation so that his federal sentence could be deemed to have begun on December 21, 2006, while he was in state custody.  [*Id.*, Administrative Remedy Informal Resolution Form, Request for Administrative Remedy, Regional Administrative Remedy Appeal, Central Office Administrative Remedy Appeal.] BOP officials informed Petitioner that 18 U.S.C. § 3585(b) prohibited it from granting him credit for the time he had served in state custody on his state sentences but that, under 18 U.S.C. § 3621(b), it would consider retroactively designating the place of his state custody as the place of his federal imprisonment.  [*See id.*, Responses dated February 6 and April 29, 2009 and January 12, 2010.]  The BOP (1) considered § 3621(b) factors – the nature of Petitioner's federal offense, an attempt to manufacture methamphetamine; his state conviction for manufacturing methamphetamine and possessing methamphetamine for resale; his history of drug, firearm, and assault offenses; and the lack of any statement by the Eastern District of Tennessee regarding the relationship of his federal and state sentences; (2) denied a *nunc pro tunc*

designation; and (3) declined Petitioner's request to recompute his sentence. [*Id.*, Response dated January 12, 2010.] The BOP determined that a *nunc pro tunc* designation was "not consistent with the goals of the criminal justice system due to the nature of [Petitioner's] state conviction, [Petitioner's] repetitive criminal conduct, and the intent of the court." [*Id.*][1]

### B.   Parties' Arguments

In his § 2241 petition in this Court, Petitioner seeks (1) jail-time credit for the period of time from his February 21, 2005 arrest date through December 21, 2006, when his federal sentence was imposed, and (2) a *nunc pro tunc* designation of the place of his state custody as the place where he began serving his federal sentence, effective December 21, 2006. [Doc. 1 at 3.] Petitioner states that he has exhausted his administrative remedies and he should have received credit from February 21, 2005 until the time he was transferred to federal custody on November 14, 2007. [*Id.*]

The government argues that the petition should be denied because (1) the federal court and the BOP are not bound by a state court's statement that a state sentence

---

[1]     After exhausting his administrative remedies, Petitioner sought relief under 18 U.S.C. § 3584 in the Eastern District of Tennessee, and that Court denied relief, stating that Petitioner should seek relief under § 2241. [Doc. 1, Order and Mot. in 1:05-cr-0034-1.]

4

should run concurrently with a federal sentence; (2) Petitioner's federal sentence could not begin until November 14, 2007; (3) Petitioner cannot receive federal credit for time credited to his state sentence; (4) Petitioner's federal sentence is presumptively consecutive to any other sentence because the Eastern District of Tennessee was silent on the matter; and (5) the BOP fully and fairly considered Petitioner for a *nunc pro tunc* designation.  [Doc. 3 at 6-15.]  Petitioner has not replied.

### C.   <u>Law and Recommendation</u>

A federal prisoner such as Petitioner is entitled to habeas relief if the BOP is holding him "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).  After sentence is pronounced, prison placement decisions and the computation of a federal sentence are committed to the BOP.  *See generally* 18 U.S.C. § 3585(b) (sentence computation); 18 U.S.C. § 3621(b) (place of confinement); *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").  Section 3585 governs the commencement of a federal sentence and the determination of credit for prior custody.

> **(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting

5

transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

> **(1)** as a result of the offense for which the sentence was imposed; or
>
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585.  A sentence cannot commence before it is imposed.  *Coloma v. Holder*, 445 F.3d 1282, 1285 (11th Cir. 2006).  Further, after determining when the sentence commences, the BOP cannot grant prior-custody credit for custody that has been credited against another sentence.  *Wilson*, 503 U.S. at 334 (stating that § 3585(b) "authorizes credit only for time that 'has not been credited against another sentence' ").

In addition to its role in determining the date on which a federal sentence commences and prior credit, the BOP also has discretion under § 3621 to designate the place of confinement.  18 U.S.C. § 3621(b).  Section 3621 dictates:

The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and

habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

> **(1)** the resources of the facility contemplated;

> **(2)** the nature and circumstances of the offense;

> **(3)** the history and characteristics of the prisoner;

> **(4)** any statement by the court that imposed the sentence--

>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

>> **(B)** recommending a type of penal or correctional facility as appropriate; and

> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).  Section 3621(b) gives the BOP considerable discretion in designating a federal prisoner's place of confinement.  *Cohen v. United States*, 151 F.3d 1338, 1343-44 (11th Cir. 1998).  Under § 3621(b), the BOP has discretion to designate, *nunc pro tunc*, a state facility (where a federal prisoner has served a state sentence) for the service of a prisoner's federal sentence, effectively causing the federal and state sentences to run concurrently.  *See* 18 U.S.C. 3621(b); Designation of State Institution for Service of Federal Sentence, BOP Program Statement 5160.05, (Jan. 16,  2003),

7

available at  http://www.bop.gov/policy/progstat/5160_005.pdf (last visited June 13,
2011); *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010); *Fegans v. United States*,
506 F.3d 1101, 1104-05 (8th Cir. 2007); *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75-
76 (2d Cir. 2005); *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002); *Romandine
v. United States*, 206 F.3d 731, 739 (7th Cir. 2000); *Rogers v. United States*, 180 F.3d
349, 356 (1st Cir. 1999); *United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998);
*Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1991).[2] *But see United States v. Miller*,
594 F.3d 1240, 1242 (10th Cir. 2010) (stating, "This court has never adopted *Barden*").

A federal district court reviews for abuse of discretion the BOP's decision under
§ 3585 regarding commencement of a federal sentence and the grant of credit for prior
custody.  *See Espinoza v. Sabol*, 558 F.3d 83, 91 (1st Cir. 2009) ("Most circuits consider
that the district court's review of a BOP decision about credits is for abuse of
discretion.").  Generally, an individualized decision under § 3621 is subject to very
limited judicial review.[3]  However, it appears that a *nunc pro tunc* designation under

---

[2]     The undersigned is not aware of any published opinion in which the
Eleventh Circuit Court of Appeals has addressed the BOP's discretion under § 3621 to
make a *nunc pro tunc* designation.

[3]     The BOP is a U. S. Department of Justice agency to which the
Administrative Procedures Act ("APA") applies.  Under the APA, habeas corpus may
be used to challenge BOP action.  *See* 5 U.S.C. § 703.  Section 3625 of Title 18,

8

§ 3621 (which includes a determination under § 3585 of the effective date that the federal sentence will begin)[4] is subject to review for abuse of discretion. *See Barden*, 921 F.2d at 478 (stating that BOP *nunc pro tunc* designation should be reviewed for

_____

however, precludes judicial review of an individual placement decision by the BOP under § 3621. *See* 18 U.S.C. § 3625 (dictating that the APA's provisions, including §§ 701-705, for judicial review of agency action "do not apply to the making of any determination, decision, or order under [Title 18, chapter 229, subchapter C, which includes § 3621]"); *Cook v. Wiley*, 208 F.3d 1314, 1319 (11th Cir. 2000) (stating in § 2241 case that § 3625 precludes judicial review of the BOP's adjudicative decisions, although it does not preclude review of the BOP's rule-making decisions). In *Cook*, the Eleventh Circuit stated, "[e]ven if a prisoner is deemed statutorily eligible for the sentence reduction [under § 3621(e)(2)(B)], the decision about whether to reduce his sentence remains solely within the discretion of the BOP. . . . And that decision is not subject to judicial review." *Cook*, 208 F.3d at 1319.

Where Congress by statute has precluded judicial review of an agency decision, a court's review is limited to whether the agency has acted outside its statutory limits or has violated the constitution. *See Webster v. Doe*, 486 U.S. 592, 597, 603 (1988) (holding that statutory law that precluded review of termination decisions did not preclude review of constitutional questions); *Hunnicutt v. Hawk*, 229 F.3d 997, 1000 (10th Cir. 2000) ("[W]e may not review whether the BOP erred in [the petitioner's] particular case, but may only review whether the BOP exceeded its statutory authority in construing § 3621(e)(2)(B).").

[4]     Although designation of the place of confinement comes under § 3621, the BOP's Program Statement states that the *nunc pro tunc* designation process requires the BOP to specify, in accord with § 3585, the effective date that the federal sentence will commence. BOP Program Statement 5160.05 ¶ 10. b. As noted in the text *infra*, a decision under § 3585 regarding the effective date on which the federal sentence is to commence is a decision subject to judicial review for abuse of discretion.

9

abuse of discretion).  As a result, any judicial review of a *nunc pro tunc* designation decision is limited, at most, to an abuse of discretion.

The BOP did not abuse its discretion in determining Petitioner's prior credit for time served or in denying him a *nunc pro tunc* designation.  Petitioner's federal sentence could not commence before the Eastern District of Tennessee imposed it on December 21, 2006.  *See Coloma*, 445 F.3d at 1285.  Further, Petitioner was not received into federal custody until November 14, 2007, and the BOP was without authority to give him credit for the time that had been credited against his state sentences prior to his November 14, 2007 transfer into federal custody.  *See Wilson*, 503 U.S. at 334.  Additionally, the BOP duly considered the factors for a *nunc pro tunc* designation, as required by statute, [*see* Doc. 1, Response dated January 12, 2010], and the undersigned perceives no abuse of the BOP's discretionary authority on that matter. Petitioner's federal offense (attempt to manufacture methamphetamine) is distinct from his state convictions (manufacturing methamphetamine and possessing methamphetamine for resale), and Petitioner's repetitive criminal history provides no reason for allowing him to serve less than a full, consecutive federal sentence after completion of his state sentence.

10

Absent any abuse of discretion by the BOP, it is recommended that this petition be denied. The undersigned does not address whether Petitioner is entitled to a certificate of appealability because Petitioner is a federal prisoner proceeding under § 2241, not § 2255, and he is not required to obtain a certificate of appealability before filing an appeal. *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

**II.     Conclusion**

For the reasons stated above,

It is **RECOMMENDED** that the petition for a writ of habeas corpus, [Doc. 1], be **DENIED** and that this action be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 13th day of June, 2011.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

11